RENDERED:  DECEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1422-MR

DAVID M. COLLINS                                           APPELLANT

APPEAL FROM KENTON CIRCUIT COURT
v.          HONORABLE GREGORY M. BARTLETT, JUDGE
ACTION NO. 18-CR-00838

COMMONWEALTH OF KENTUCKY                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, MAZE, AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  David Collins ("Collins") appeals from an order of the

Kenton Circuit Court denying his motion to suppress evidence obtained during a

vehicular stop.  Having reviewed the parties' arguments, the record, and the

applicable law, we affirm.

## Background

A few weeks prior to the incident in question, Officer Fields of the Kenton County Police Department was contacted by an Independence city police officer who had conducted a traffic stop on a white vehicle suspected of drug trafficking on Bowman Road. Collins was identified as the driver of the vehicle, a 2007 Chevy HHR. The Independence officer had received a tip from a resident of Bowman Road who reported seeing the white vehicle make short stops at a neighboring house at random times and on random days. Officer Fields testified the home was the subject of several drug complaints and the site of a recent drug overdose. Officer Fields circulated this information to all Kenton County police officers.

On May 10, 2018, sometime after 9 p.m., Officer Patton, also with the Kenton County Police Department, received a report from dispatch concerning a tip from an individual named "Ron" about possible drug trafficking. According to dispatch, the caller stated Collins was currently at a residence on Bird Road in Independence, Kentucky and would soon be traveling in a 2007 white Chevy HHR to Collins' apartment in Glencoe, Kentucky. The caller gave dispatch Collins' address and the address of the residence Collins was currently at on Bird Road, along with the license number of the vehicle. He further stated Collins concealed

drugs in the bottom of a fake aerosol can and would have meth, scales, baggies, and Xanax in the car. The caller provided dispatch his phone number and hung up.

After receiving the message, Officer Patton called the number and spoke to Ron briefly before Ron handed the phone over to an anonymous woman. She repeated the information Ron had given to dispatch and said Collins would be leaving the Bird Road location soon and heading to Glencoe, Kentucky, where he acquires the drugs he sells in Independence. She said Collins showed her the drugs and had them on his person, hidden in the bottom of an air freshener can. The woman also described the route Collins would be taking.

Based upon this information, Officer Patton set up surveillance across from Bird Road. About ten minutes later, he observed a white Chevy HHR exit Bird Road in the direction predicted by the caller. Officer Patton followed the vehicle until he observed the driver fail to use a turn signal and initiated a traffic stop. Officer Patton approached the vehicle and confirmed Collins was the driver.

Upon speaking with Collins, Officer Patton learned Collins had just left his parents' home on Bird Road and was heading to his home in Glencoe. Officer Patton asked Collins for proof of insurance and radioed for a K-9 unit. After Collins produced an expired insurance card, Officer Patton returned to his vehicle to verify the insurance was valid.

Officer Fields arrived on scene and confirmed the vehicle and driver matched the information received from Independence police just weeks earlier. Officer Fields testified that when he arrived, Officer Patton was attempting to verify Collins' insurance with the insurance company. At 10:18 p.m., twenty-six minutes into the stop, Officer Best, a K-9 officer with the Fort Mitchell Police Department, arrived to conduct a search of the vehicle. Both Officers Best and Patton testified that Officer Patton was still filling out the traffic citation when Officer Best arrived. The K-9 alerted on the vehicle and following a search, officers recovered a meth pipe, digital scales, close to $1,500 in cash, and an air freshener can with a false bottom containing over two grams of meth, 8 Xanax pills, and baggies.

Following his arrest, Collins was indicted for first-degree trafficking in a controlled substance. He moved to suppress the evidence recovered from the search of his vehicle and the circuit court denied the motion. Thereafter, Collins entered a conditional guilty plea to first-degree trafficking in a controlled substance and was sentenced to five years in prison. This appeal followed.

## Standard of Review

"When reviewing a trial court's denial of a motion to suppress, we utilize a clear error standard of review for factual findings and a *de novo* standard of review for conclusions of law." *Jackson v. Commonwealth*, 187 S.W.3d 300,

-4-

305 (Ky. 2006) (citing *Welch v. Commonwealth*, 149 S.W.3d 407, 409 (Ky. 2004)). The circuit court's factual findings are not challenged on appeal. Therefore, our review will consist only of the circuit court's application of the relevant law to the facts.

## Analysis

Collins argues that the circuit court erroneously denied his motion to suppress. He does not challenge the legality of the stop itself, but instead contends that Officer Patton illegally extended the traffic stop beyond its original purpose to conduct the K-9 search. In *Davis v. Commonwealth*, 484 S.W.3d 288 (Ky. 2016), the Kentucky Supreme Court followed the United States Supreme Court's decision in *Rodriguez v. United States*, 575 U.S. 348 (2015), and held police may not extend a traffic stop beyond its original purpose to conduct an unrelated K-9 search for drugs. *Davis*, 484 S.W.3d at 293.

The Commonwealth contends, however, that *Davis* is not implicated because the officers had reasonable suspicion of drug activity justifying the K-9 search. We agree. "A reviewing court must weigh the totality of the circumstances in determining whether there was a reasonable articulable suspicion." *Commonwealth v. Brown*, 250 S.W.3d 631, 634 (Ky. 2008) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)).

The Commonwealth points to five specific, articulable facts giving Officer Patton reasonable suspicion of drug activity at the time he radioed for a K-9 unit: 1) several weeks earlier, an Independence police officer reported that Collins' vehicle was spotted making frequent, brief stops at a house on Bowman Road; 2) the house was known for drug activity; 3) the description of the vehicle given by the Independence police officer matched the description given by Ron and the anonymous tipster, including the license plate number; 4) Ron and the anonymous tipster both told Officer Patton that methamphetamine, Xanax, baggies, and scales were in the vehicle at that moment; and 5) the anonymous tipster described the location of Collins' vehicle and the route that it would be taking when it left that location.

The bases for these facts were several tips: one from an Independence police officer which was itself based upon another tip, one from a man named Ron, and one from an anonymous female. As an initial matter, our Supreme Court has distinguished anonymous from non-anonymous tips for purposes of analyzing "reasonable suspicion." *Commonwealth v. Kelly*, 180 S.W.3d 474, 477 (Ky. 2005). Tips from "identifiable informants who could be subject to criminal liability if it is discovered that the tip is unfounded or fabricated . . . are entitled to a greater 'presumption of reliability' as opposed to the tips of unknown 'anonymous' informants (who theoretically have 'nothing to lose')." *Id.* (quoting *Florida v. J.L.*,

529 U.S. 266, 276 (2000)).  Here, at least one tip was not from a truly anonymous source and would thus be entitled to a greater presumption of reliability.[1]  *See Dorsey v. Barber*, 517 F.3d 389, 398 n.3 (6th Cir. 2008) (tipster who identified himself and left phone number not anonymous).

However, even assuming all the tips were from anonymous sources, there was sufficient indicia of their reliability to provide reasonable suspicion justifying the K-9 search.  *Commonwealth v. Morgan*, 248 S.W.3d 538, 541 (Ky. 2008) (citation omitted) ("Before an investigating officer can rely on an anonymous tip as part of his basis for reasonable suspicion, that tip must have sufficient indicia of reliability.").

In *Alabama v. White*, 496 U.S. 325 (1990), the United States Supreme Court found an anonymous tip was sufficient to justify a *Terry* stop when the tip accurately predicted the future behavior of the person to be searched.  This prediction of future behavior indicated the tipster possessed a level of intimate knowledge of the individual to be searched, which the Court found to be sufficient indicia of reliability.  *Id.* at 332.

In the instant case, both Ron and the anonymous female provided Collins' current location and destination.  But more importantly, the anonymous

---

[1]  It is unclear from the record whether the tip provided to the Independence Police Department was from an "anonymous" source or a "citizen informant," but for purposes of the reasonable suspicion analysis, we will assume the former.

female said Collins currently had drugs in his possession, had shown them to her, was leaving soon, and accurately predicted the route Collins would be traveling. "What was important was the caller's ability to predict respondent's *future behavior*, because it demonstrated inside information—a special familiarity with respondent's affairs." *Id.* (emphasis in original). "Because only a small number of people are generally privy to an individual's itinerary, it is reasonable for police to believe that a person with access to such information is likely to also have access to reliable information about that individual's illegal activities." *Id.* "When significant aspects of the caller's predictions were verified, there was reason to believe not only that the caller was honest but also that he was well informed, at least well enough to justify the stop." *Id.*

Because Officer Patton was able to verify the anonymous female's prediction concerning the route Collins would take, it was reasonable for him to believe her tip that Collins had drugs in the vehicle. Additionally, Officer Patton was aware of the recent tip from an Independence police officer that Collins' vehicle was seen making frequent, brief stops at a house known for drug activity. An officer's prior knowledge about a suspect can help to corroborate an anonymous tip. *Morgan*, 248 S.W.3d at 541. Based upon the totality of the circumstances, the tip contained sufficient indicia of reliability to justify

prolonging the stop to conduct a K-9 search of the vehicle.  Therefore, we hold the circuit court properly denied Collins' motion to suppress.

Conclusion

For the foregoing reasons, the judgment of the Kenton Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Nicholas J. Alig
Wilder, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

M. Brandon Roberts
Assistant Attorney General
Frankfort, Kentucky